

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50515 | **DATE** | 4/12/2004 |
| **CASE TITLE** | SHAW vs. MANCUSO INVESTMENT CORP., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's RICO claim is dismissed with prejudice. Plaintiff's state law claim is dismissed for lack of subject matter jurisdiction without prejudice to being filed in state court.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | APR 12 2004 | |
| | Notified counsel by telephone. | | date docketed | 47 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | | |
| | | | 4-13-04 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Chester Shaw, filed this action against defendants, Mancuso Investment Corp. ("MIC") and Dewey J. Mancuso, in the Southern District of California, alleging a violation of the Racketeer Influenced and Corrupt Practices Act ("RICO"), 18 U.S.C. § 1961 et seq. (Count I) and breach of fiduciary duty and conflict of interest in violation 805 ILCS 5/8.60, a provision of Illinois's Business Corporations Act (Count II). The case was transferred to this court by order dated November 21, 2003. Jurisdiction is proper under 28 U.S.C. § 1331 as to Count I and the court has supplemental jurisdiction under 28 U.S.C. § 1367 over Count II[1]. Defendant's move to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6).

Plaintiff's claims against defendants arise from plaintiff's investment in MIC in 1972 (Compl. ¶ 12). The crux of these claims is that Mancuso made false and misleading representations to plaintiff to induce him to invest in MIC (Id. ¶¶13-17) and has continued to make false and misleading representations over the course of more than thirty years to plaintiff and other investors in MIC concerning performance of MIC and return on investment to shareholders (Id. ¶ 18).

Defendant argues that plaintiff has failed to state a RICO claim because an amendment to the RICO statute effected by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 18 U.S.C. § 1964 (c), bars securities fraud-based RICO claims. Plaintiff contends the PSLRA amendment does not apply to actions taken prior to its enactment date and, therefore, plaintiff's RICO claim is not barred[2]. Seventh Circuit dicta indicates that unless a case was pending on December 22, 1995, the date of PSLRA's enactment, securities fraud-based RICO claims, even if based on actions occurring before the enactment date, are barred. Fujisawa Pharmaceutical Co., Ltd. v. Kapoor, 115 F.3d 1332, 1337-38 (7th Cir. 1997). The district courts that have considered this matter directly "consistently have held that the PSLRA bars preenactment conduct unless the plaintiff's action was pending prior to enactment," Scott v. Steingold, No. 97 C 7871, 1998 WL 704287, * 5 (N.D. Ill. Sept. 30, 1998) (Manning, J.) (collecting cases), as a basis for a securities fraud-based RICO claim. "The plain text of § 1964 (c), as amended, clearly and unambiguously states that no person may rely on securities fraud as a predicate act for purposes of RICO. Congress did not place a temporal restriction on the PSLRA, nor, in light of the PSLRA's legislative history [indicating an intent to prevent abuses of RICO by securities litigants], did it even remotely intend to." Id. (internal quotation marks and citations omitted). The PSLRA amendment applies to plaintiff's claim, which is barred because the action was not pending on December 22, 1995. Count I is dismissed with prejudice.

Count II is a state law claim. Because all federal claims have been disposed, the court declines to exercise supplemental jurisdiction over this claim. See Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir.), cert. denied, 534 U.S. 824 (2001).

For the foregoing reasons, plaintiff's RICO claim is dismissed with prejudice. Plaintiff's state law claim is dismissed for lack of subject matter jurisdiction without prejudice to being filed in state court.

---

[1] Plaintiff' complaint also asserts diversity jurisdiction, 28 U.S.C. § 1332 (a) (1). Plaintiff is a citizen of California, MIC is an Illinois corporation with its principal place of business in Illinois, and Mancuso is a citizen of Illinois. However, the amount in controversy for the state law breach of fiduciary duty/conflict of interest claim is $55,852.00 which is insufficient to meet the jurisdictional amount.

[2] Plaintiff, citing Nelson v. Sandoz Pharmaceuticals Corp., 288 F.3d 954 (7th Cir. 2002), argues this court must apply Ninth Circuit precedent on this issue because this case was transferred from a district court in that circuit. However, Nelson, deals with choice of law in diversity cases not interpretation of a federal statute. Because nothing indicates Congress intended the statute in issue to have a geographically non-uniform application, see McMasters v. United States, 260 F.3d 814, 819 (7th Cir. 2001), cert. denied, 535 U.S. 1112 (2002). Ninth Circuit precedent is not controlling.